UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY GEROLAGA, JR., | No. 2:17-cv-0454 AC P |
| Petitioner, | |
| v. | ORDER |
| RONALD RACKLEY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  See ECF No. 4.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).  However, for the reasons discussed below, the $5.00 fee will be waived.

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

////

1

1    Review of the instant petition demonstrates that petitioner is challenging his 2003
2  conviction and sentence.  Review of petitioner's exhibits and prior filings in this court
3  demonstrate that this is his second petition for writ of habeas corpus filed pursuant to 28 U.S.C. §
4  2254.[1]  The first petition, which also challenged petitioner's 2003 conviction and sentence, was
5  filed in this court on October 27, 2008.  See Gerolaga v. Evans, Case No. 2:08-cv-02542 LKK
6  DAD P (E.D. Cal).  On March 10, 2010, the court granted respondent's motion to dismiss
7  because the petition was barred by the statute of limitations and because petitioner failed to allege
8  facts supporting his actual innocence under Schlup v. Delo, 513 U.S. 298 (1995).

9    A second or successive application for habeas relief may not be filed in district court
10 without prior authorization from the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b);
11 Felker v. Turpin, 518 U.S. 651, 656-57 (1996).  Prior authorization is a jurisdictional requisite.
12 Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
13 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b),
14 it lacks jurisdiction to consider the merits).  The district court has discretion either to transfer a
15 successive petition to the Court of Appeals or to dismiss the petition.  United States v. Winestock,
16 340 F.3d 200 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139–140 (3rd
17 Cir. 2002).

18   A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add
19 a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the
20 merits . . ."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis deleted).  "[A] 'claim' as
21 used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of
22 conviction."  Id. at 530.  "A habeas petition is second or successive only if it raises claims that
23 were or could have been adjudicated on the merits."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th
24 Cir.2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008)).
25 ////

---

[1] A third case (petitioner's first-filed case) was dismissed without prejudice on December 12, 2006, due to petitioner's failure to file the appropriate documents.  See Gerolaga v. Kramer, Case No. 2:06-cv-02396 WBS DAD P (E.D. Cal.).

The principal claims asserted in the present case – three claims premised on the alleged ineffective assistance of trial counsel, and one claim against the trial court asserting double jeopardy[2] – could have been adjudicated on the merits in a timely-filed federal habeas proceeding. The untimeliness of petitioner's first petition, precluding any merits consideration, does not alter the fact that petitioner's instant petition is successive.  Petitioner is "contesting the same custody imposed by the same judgment of a state court," and is therefore "required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court [is] without jurisdiction to entertain it." Burton, 549 U.S. at 153.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis, ECF No. 5, is granted; nevertheless, the $5.00 filing fee is waived.

2. Petitioner's petition for a writ of habeas corpus, ECF No. 1, is dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals that authorizes petitioner to file a second or successive petition.

3. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: March 31, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also makes a clearly frivolous claim for abuse of discretion by each of the California courts for denying his petitions.

3